RICHARD V. CRANBUCK, DEFENDANT IN ERROR, v. DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, PLAINTIFF IN ERROR.

Submitted July 9, 1906—Decided March 4, 1907.

1. Plaintiff, a boy of seventeen, while crossing a switch track in the
railroad yard of the defendant, was struck by a freight car that
was making a flying drill from a switch fifty feet away. Plaintiff
saw the engine before it reached the switch and watched it until
the switch was passed, and then inferred, from the fact that the
engine was on the track furthest from him, that he could safely
cross the intervening tracks, and hence made no observation to
ascertain the safety of so doing. If he had looked he would have
seen the car that struck him. *Held,* that the plaintiff's failure to
make any observation as to the safety of the track he was about
to cross was negligence, which was not cured by the inference he
drew from seeing the engine on another track.

2. A boy of seventeen, who apprehends the dangerous character of a
railroad yard, and recognizes his duty to safeguard himself in
crossing it, will be held to have contributed to an accident due in
part to his negligent performance of the duty thus recognized by
him.

On error to the Circuit Court.

For the plaintiff in error, *Bedle, Edwards & Holmes.*

For the defendant in error, *Vredenburgh, Wall & Van
Winkle.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff, while crossing a switch track
of the defendant in its yard at Passaic, was struck by a freight
car that had been "shunted" on to such track in the course
of a process known as "a flying drill," which is accomplished·
by uncoupling the car from the locomotive from which it has
acquired its momentum and turning the switch after the
locomotive has passed over it but before the car has reached
it, thereby diverting the car alone on to the switch track.
Plaintiff crossed this track without making any observation

to ascertain whether it was safe to do so and was struck by the car which he would have seen if he had looked. At the close of the plaintiff's case a motion to nonsuit upon the ground of contributory negligence was denied. We think it should have been granted.

The plaintiff was seventeen years of age and for nearly two years had been employed, first as office boy and then as clerk, at a manufacturing concern whose works immediately adjoined and overlooked the premises of the railroad company. He was therefore familiar with the locality and its uses. The railroad yard at this point was occupied by several tracks, three only of which are of moment in the present case. The order of these tracks, as the plaintiff approached them, was, first, a switch track that ran into a handkerchief factory; second, another track used for the same purpose (this was the track upon which the plaintiff was struck), and third, a side track connected with the two first mentioned tracks by a movable switch some fifty feet to the plaintiff's left. As the plaintiff neared the first switch track he saw a locomotive engine to his left coming on the side track. This was the track furthest from him. The engine had not reached the switch, and the plaintiff, without crossing the first track, stood watching the engine "to see [to use his own words] whether it would go on the switch nearest to me or the switch furthest from me." As a matter of fact, the engine passed over the switch keeping on the track that was furthest from the plaintiff. The plaintiff's conduct at this juncture is best stated in his own words in answer to certain questions put to him by the court and counsel:

"By the Court.

"Q. You told us that you stopped before you crossed the first track and looked out for an engine?

"A. Yes, sir.

"Q. Did you see an engine?

"A. Yes, sir.

"Q. And you waited for it to go by?

"A. Yes, sir.

"Mr. Wall—To go by the switch, he said.

"By the Court.

"*Q.* Yes; to go by the switch. Then did you go across the first track as soon as the engine went past the switch?

"*A.* Yes.

"*Q.* Did you walk to the second track?

"*A.* Yes.

"By Mr. Edwards.

"*Q.* Didn't look again?

"*A.* No.

"By Mr. Wall.

"*Q.* Where were you on the second track at the time you were struck?

"*A.* Just stepping off."

In other places in his testimony the plaintiff said that he did not cross the intervening tracks until he saw the engine pass in front of him on the furthest track and saw his way clear to cross. This discrepancy is immaterial, as in either case the fact is that the plaintiff crossed the two tracks nearest to him without making any observation as to the safety of so doing. If he had looked, he would have seen the freight car coming on the second of these tracks.

There was no obstruction to his view and nothing that imported danger to distract his attention. He knew which track the engine had taken and that he had nothing to apprehend from it. What happened evidently was that, because he saw the engine on the track furthest from him, the plaintiff inferred that he could safely cross the intervening tracks and hence did not make any observation. This was negligence. What the law requires of one who is about to cross a steam railroad track is observation not inference, and observation would have apprised the plaintiff of a danger that was perfectly patent to the sense of sight. Where several tracks are to be crossed in succession, the duty of observation is a continuous one until a place of safety is reached. Distracting circumstances that threaten danger may modify this duty and obstructions to vision may render it more difficult to perform, but by neither of these conditions was this plaintiff confronted. Under these circumstances his failure

to look before crossing the track on which he was struck was of the very essence of negligence.

The fact that the plaintiff was a minor does not militate against the result. Although a minor, he apprehended the dangerous character of the locality and recognized his duty to safeguard himself in crossing it. For the negligent performance of the duty thus recognized by him, he is amenable to the doctrine of contributory negligence. There is a substantial difference between the failure of a minor to apprehend that what he is about to do is dangerous and his failure to use those faculties which he knows will inform him whether what he is about to do is safe. The former implies a certain maturity of judgment based upon experience, whereas the latter calls only for the use of those physical senses that are the earliest to develop.

The questions argued by the briefs, touching the public character of this crossing and the law of invitation, are not in the case under the view that we take of it.

The judgment of the Circuit Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    16.