## WILLIAM A. GORSON, APPELLEE, v. ATLANTIC CITY RAILROAD COMPANY, APPELLANT.

Argued June 4, 1908—Decided March 4, 1909.

A driver looked in each direction before crossing railroad tracks laid in a city street, and observing an engine apparently pushing a train away from the crossing drove over the tracks. The engine which was in fact running backwards towards the crossing on the "wrong track" pulling the train after it struck and killed the plaintiff's horse. *Held*, that whether or not the driver had exercised reasonable care was for the jury.

On appeal.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Clarence L. Cole.*

For the appellee, *Eli H. Chandler.*

The opinion of the court was delivered by

GARRISON, J. In the District Court judgment was given on the verdict of a jury for the appellee, whose horse was killed at a street crossing by appellant's locomotive engine. The tracks of the appellant run upon Baltic avenue, towards

which street, on February 9th, 1908, a son of the appellee was driving appellee's horse. The driver slowed down to a walk, and seeing on the furthermost track an engine apparently pushing a train away from the crossing which would be the normal direction for trains to be run on that track, started to drive across and was struck by the rear end of the engine which was in fact running backwards, pulling the train after it.

On this appeal the main contention is that a verdict should have been directed for the appellant on the ground of the contributory negligence of the driver.

It was a jury question whether any signals were given, but it was placed beyond question upon a motion for a direction that none were given and that the locomotive engine was running backwards, pulling the train after it and that this operation was being conducted upon the "wrong track," *i. e.*, the track upon which, in the ordinary conduct of its business, the appellant's trains would be moving away from and not toward the crossing. Admittedly the driver observed the engine, but hearing no whistle or bell and seeing that it was on the track that "went the other way" and that the engine had its back toward him and was apparently pushing the train, he concluded after looking in either direction that his way over was clear.

The proposition now advanced is that no reasonably prudent person would have driven over the tracks under these circumstances and that this so conclusively appeared that there could in reason be no two views concerning it.

This, we think, is not so. Whether this crossing be regarded as a railroad crossing or as a street crossing, the duty of the approaching driver was to exercise reasonable care. He had to look in two directions; he had to observe whether the signals or other warnings indicative of an approaching train were being given; he had to note the objects that were within the range of his vision and to determine from their location, appearance and apparent movements whether or not they would endanger his crossing, and he had also his horse to control. How a reasonably prudent driver would

act in view of a number of concurring circumstances such as these, presents normally a question for a jury. As the factors that entered into the question multiplied, the question itself became less and less one that the court should take away from the jury. The question for the court was not what inferences it would draw from the proofs, but whether or not in view of all of the circumstances that confronted the driver the inference that he had acted with reasonable care could legitimately be drawn by the jury. In the case in hand to the factors ordinarily present were added the very unusual one that the locomotive was running backwards upon the wrong track. This unusual circumstance, taken in connection with the other factors, tended to render an observation which was necessarily somewhat cursory, lacking in precision. So that it cannot be said that it conclusively appeared that the driver's conduct was consistent only with his failure to do what a reasonably careful person would have done. This being so, it was not for the court to weigh the *pros* and *cons* and pronounce a definitive verdict upon this question of fact.

The case of *Cranbuck* v. *Delaware, Lackawanna and Western Railroad Co.,* 45 *Vroom* 473, presents the exact antithesis of the present case. There the driver failed to make any observation as to the safety of the tracks he was about to cross because of an inference he drew from what he had seen on some other track. It was said in that case that what the law requires is observation, not inference. In the present case the driver used his observation, and the law does not require that such observation should be absolutely impeccable—it is enough if the way in which it was used and the use that was made of it were consistent with the exercise of reasonable care.

The judgment of the Atlantic City District Court is affirmed.